IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AZIENDE CHIMICHE RIUNITE ANGELINI FRANCESCO A.C.R.A.F. S.p.A. and ANGELINI LABOPHARM LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ACTAVIS SOUTH ATLANTIC LLC,<br><br>Defendant. | C.A. No. ____________ |

## COMPLAINT FOR PATENT INFRINGEMENT

Aziende Chimiche Riunite Angelini Francesco A.C.R.A.F. S.p.A ("A.C.R.A.F.") and Angelini Labopharm LLC ("ALLLC") (collectively "Angelini" or "Plaintiffs") allege for their complaint against Actavis South Atlantic LLC ("Actavis" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of United States Patent No. 8,133,893 ("the '893 Patent") under 35 U.S.C. §271(e)(2) and declaration of infringement of that same patent.

## THE PARTIES

2. Plaintiff A.C.R.A.F. is a corporation organized under the laws of Italy having a place of business at Viale Amelia, 70, Rome Italy 00181.

3. Plaintiff ALLLC is a limited liability company organized under the laws of Delaware having a place of business at 202 Carnegie Center, Suite 107, Princeton NJ 08540.

4. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

5. On information and belief, Defendant is in the business of, among other things, manufacturing, marketing, distributing, and selling generic pharmaceutical products throughout the United States, including in the State of Delaware.

## JURISDICTION AND VENUE

6. This action arises under 35 U.S.C. Section 1, *et seq.* and 28 U.S.C. §2201-2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over the Defendant because Defendant has purposefully availed itself of the rights and benefits of Delaware law, regularly does and solicits business in Delaware, and derives substantial revenue from things used or consumed in Delaware.

8. This Court has personal jurisdiction over Defendant because of its continuous and systematic contacts with Delaware. On information and belief, Defendant purposefully sells, markets, distributes, and manufactures goods for sale in the United States and Delaware; derives substantial revenue from things used or consumed in Delaware, regularly does and solicits business in Delaware; has filed counterclaims in this Court in other actions purposefully availing itself of the rights and benefits of this Court; and has admitted and/or consented to jurisdiction in this Court on numerous occasions, *e.g., Alkermes Pharma Ireland Limited v. Actavis South Atlantic LLC,* Docket No. 12-323 (D. Del.) and *Celgene Corporation v. Actavis South Atlantic LLC,* Docket No. 11-6519 (D. Del.).

9. Venue is proper in this court under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

10. The '893 Patent, entitled "Trazodone and trazodone hydrochloride in purified form," issued on March 13, 2012. A copy of the '893 Patent is attached to this complaint as Exhibit A.

11. A.C.R.A.F. owns the entire right and interest in the '893 Patent.

12. ALLLC is the owner of U.S. Food and Drug Administration ("FDA") approved New Drug Application ("NDA") No. 022411 for a extended release formulation of trazodone hydrochloride, marketed and sold in the United States under the brand name, OLEPTRO®, and has exclusive rights to make, use, sell, and offer for sell trazodone hydrochloride under the '893 Patent for purposes of NDA No. 022411.

13. In conjunction with NDA No. 022411, ALLLC has listed the '893 Patent and other patents in the "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") maintained by the U.S. Food and Drug and Administration. Listing patents in the Orange Book obligates drug companies seeking approval to market a generic version of a listed drug (*e.g.*, OLEPTRO®) before the expiration of a listed patent to provide notice to the owner of the listed patent(s) and to the NDA holder with certain exceptions which do not apply to this case.

14. Upon information and belief, Defendant, either directly or indirectly, submitted ANDA No. 202-225 to the FDA for approval to market trazodone hydrochloride extended release oral tablets, dosage forms 150 mg and 300 mg, covered by NDA No. 022411.

15. Upon information and belief, ANDA No. 202-225 refers to, and relies upon, ALLLC's NDA No. 022411 and contains data that, according to Defendant, demonstrates

the bioequivalence of the Defendant's proposed ANDA product to ALLLC's OLEPTRO® which is the subject of NDA No. 022411.

16. Upon information and belief, Defendant submitted ANDA No. 202-225 to the FDA seeking approval for the commercial manufacture, marketing and sale of the trazodone hydrochloride extended release oral tablets, dosage forms 150 mg and 300 mg, in the event that the FDA approves that ANDA.

17. In a letter dated July 9, 2012, Defendant advised A.C.R.A.F. and ALLLC that it had filed ANDA No. 202-225, seeking approval to market a generic version of OLEPTRO®.

18. The July 9, 2012, letter advises Plaintiffs pursuant to 21 U.S.C. §355(j)(2)(B)(ii) and 21 C.F.R. §314.95 that ANDA No. 202-225 was purportedly filed with a Paragraph IV certification to obtain approval to market trazodone hydrochloride extended release oral tablets, dosage forms 150 mg and 300 mg, before the expiration of, *inter alia*, the '893 Patent.

19. In the detailed statement accompanying its July 9, 2012, letter, Defendant asserts that Claims 1-8 of the '893 Patent will not be infringed by Defendant's ANDA product. Defendant's argument for non-infringement, however, is contrary to established law and improperly relies upon the importation of process limitations from the specification into product claims. Defendant, further, asserts Claims 1-8 of the '893 Patent are invalid. Defendant did not address the infringement or validity of Claims 9-27 of the '893 Patent in its July 9, 2012, letter.

20. Upon information and belief, assuming process is not a limitation of the product claims of the '893 patent, Defendant, in its July 9, 2012, letter admits that the trazodone

hydrochloride extended release oral tablets that are the subject of ANDA No. 202-225 infringe at least Claim 1 of the '893 Patent, if valid.

21. Upon information and belief, Defendant admits that the trazodone hydrochloride used to formulate Defendant's ANDA products meets the purity limitation of at least Claim 1 of the '893 Patent.

22. The claims of the '893 Patent have a statutory presumption of validity that exists at all stages of a proceeding.

23. Defendant's detailed notice accompanying its July 9, 2012, letter to Plaintiffs, demonstrates that Defendant has actual knowledge of the '893 Patent and that its ANDA product infringes at least Claim 1 of the '893 patent.

24. Plaintiffs reserve the right to amend the complaint to add and/or substitute a different party for Defendants if, through discovery, Plaintiffs discover that a company other than Defendant is will be formulating, using, selling, offering to sale, manufacturing, and/or importing the trazodone hydrochloride extended release oral tablets that are the subject of ANDA No. 202-225 within the United States or the trazodone hydrochloride used to formulate the product that is the subject of ANDA No. 202-225.

**COUNT 1**

**Infringement of the '893 Patent Under 35 U.S.C. § 271(e)(2)**

25. Paragraphs 1-24 are incorporated herein as set forth above.

26. Defendant's submission, directly or indirectly, of ANDA No. 202-225 to obtain FDA approval to engage in the commercial manufacture, importation, sale, offer for sale, or use of trazodone hydrochloride extended release oral tablets in the United States before the

expiration of the '893 Patent was an act of infringement of the '893 Patent under 35 U.S.C. § 271(e)(2)(A) of the '893 Patent.

27. Upon information and belief, Defendant was aware of the existence of the '893 Patent and was aware that the filing of ANDA No. 202-225 and certification with respect to the '893 Patent constituted infringement of that patent. This is an exceptional case.

**COUNT 2**

**Declaratory Judgment of Infringement of the '893 Patent under 35 U.S.C. § 271**

28. Paragraphs 1-27 are incorporated herein as set forth above.

29. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §271(a), (b) and (c).

30. There is a concrete and immediate dispute between Plaintiffs and Defendant that creates an actual case or controversy permitting the court to entertain Plaintiffs' request for declaratory relief pursuant to Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this court.

31. Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, sell, offer to sell, and/or use within the United States, and/or import into the United States the Defendant's trazodone hydrochloride extended release oral tablets which are the subject of ANDA No. 202-225 prior to expiry of the '893 Patent.

32. Defendant's actions, including, but not limited to, the submission of ANDA No. 202-225 indicate a refusal to change the course of their action.

33. Upon information and belief, the commercial manufacture, use, offer for sale, sale and/or importation of the trazodone hydrochloride extended release oral tablets which

are the subject of ANDA No. 202-225 prior to expiration of the '893 Patent will infringe the '893 Patent.

34. Plaintiffs are entitled to a declaration that, if Defendant, prior to patent expiry, commercially imports, manufactures, uses, offers for sale or sells Defendant's trazodone hydrochloride extended release oral tablets which are the subject of ANDA No. 202-225 within the United States, or induces or contributes to such conduct, Defendant will infringe the '893 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

35. Plaintiffs will be irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this court. Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Defendant has infringed the '893 Patent under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 202-225 under the Federal Food, Drug, and Cosmetic Act, and that the commercial manufacture, use, offer for sale or sale within the United States and/or importation into the United States of the Defendant's trazodone hydrochloride extended release oral tablets which are the subject of ANDA No. 202-225, prior to the expiry of the '893 Patent, will infringe the '893 Patent;

B. A declaration pursuant to 35 U.S.C. § 2201 that Defendant's proposed commercial manufacture, use, offer for sale and/or sale of Defendant's trazodone hydrochloride extended release oral tablets which are the subject of ANDA No. 202-225 within the United States and/or its commercial importation into the United States, prior to the expiry of the '893 Patent, will infringe the '893 Patent;

C. An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of ANDA No. 202-653 under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), shall not be earlier than the expiration date of the '893 Patent or any extension thereof;

D. A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendants, their officers, agents, servants, employees, licensees and representatives, and those persons in active concert or participation with any of them, from infringement, inducing infringement, or contributory infringement of the '893 Patent for the full term thereof;

E. A declaration that this is an exceptional case and an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F. An award of costs and expenses in this action; and

G. Such other and further relief as the court may deem just and proper.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Richard D. Kelly
Stephen G. Baxter
Frank J. West
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000


August 21, 2012